IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALEXANDER CORDERO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | FILE No. 1:22-cv-01385-SDG |
| VENUS INVESTMENTS LLC, ) | |
| ) | |
| Defendant. ) | |

**JOINT STIPULATION FOR APPROVAL OF CONSENT DECREE
AND TO DISMISS WITH PREJUDICE**

Plaintiff, Alexander Cordero ("Plaintiff") and Defendant Venus Investments LLC, ("Defendant") (collectively, the "Parties") hereby file the foregoing Joint Stipulation seeking the Court's Approval of the Parties' Consent Decree and to Dismiss the instant matter with Prejudice. In support thereof, the Parties show the Court as follows:

1.  Plaintiff filed the instant cause of action alleging that a certain Facility and Property owned and/or operated by Defendant (as defined in Plaintiff's Complaint, Doc. 1) violated Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*

2.  The matters raised by Plaintiff's Complaint have been resolved in

accordance with the Consent Decree ("Agreement") attached hereto as Exhibit "A."

3. The Consent Decree attached to the foregoing Stipulation as Exhibit A represents an agreement in which Defendant has undertaken to modify the Facility and Property at issue in this case to conform to the 2010 ADAAG standards to the maximum readily achievable extent, promoting wheelchair accessibility for disabled individuals, and is in the public interest. "District courts should approve consent decrees so long as they are not unconstitutional, unlawful, unreasonable, or contrary to public policy." *Stovall v. City of Cocoa*, 117 F.3d 1238, 1240 (11th Cir. 1997).

4. As such, Plaintiff has in part brought this action in the interest of similarly situated disabled persons in his community, and the Parties have entered the Agreement with the intent of precluding unnecessary and duplicative future litigation concerning the same claims. *See Harty v. Ehden, N.V.*, 2012 WL 2312044 (S.D. Fla. 2012).

5. In accordance therewith, the Parties request that the Court review, approve and ratify the Agreement.

6. Additionally, the Parties request the Court retain jurisdiction to enforce the terms of the Agreement. *See American Disability Ass'n, Inc. v. Chmielarz*, 289 F.3d 1315, 1320 (11th Cir. 2002) ("[I]f the district court either incorporates the terms of a settlement into its final order of dismissal *or* expressly retains jurisdiction to

enforce a settlement, it may thereafter enforce the terms of the parties' agreement").

7. This Agreement is conditioned upon the Court's retaining jurisdiction to enforce said Agreement.

8. As part of the Agreement reached between the Parties, they have agreed to dismiss this case with prejudice. Accordingly, the Parties request, upon the Court's review, approval and ratification of the Agreement, that this action be dismissed with prejudice.

9. Except as otherwise stated in the Agreement, each party shall bear their own fees and costs.

WHEREFORE, the Parties respectfully request that the Court enter an Order approving the attached Agreement, dismissing the claims asserted by Plaintiff against Defendant with prejudice, and retaining jurisdiction to enforce the Agreement.

Dated: August 16, 2022.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road, N.E., Suite 7-B
Atlanta, Georgia 30306
Tel: (404) 365-4460

        Fax: (855) 415-2480
        craig@ehrlichlawoffice.com

        /s/Elizabeth Clack-Freeman
        Elizabeth Clack-Freeman
        Georgia Bar No. 126888
        Andersen, Tate & Carr, P.C.
        One Sugarloaf Centre, Suite 4000
        1960 Satellite Boulevard
        Duluth, Georgia 30097
        Tel: (770) 822-0900
        Fax: (770) 236-9978
        lcfreeman@atclawfirm.com

## **CERTIFICATE OF SERVICE**

I certify that on August 16, 2022, I filed the within and foregoing Stipulation for Approval of Consent Decree and Dismiss with Prejudice using the CM/ECF System for the federal District Court for the Northern District of Georgia, resulting in a true and correct copy of the same to be served via electronic mail as follows:

Elizabeth Clack-Freeman
Andersen, Tate & Carr, P.C.
One Sugarloaf Centre, Suite 4000
1960 Satellite Boulevard
Duluth, Georgia 30097
lcfreeman@atclawfirm.com

        /s/Craig J. Ehrlich
        Craig J. Ehrlich

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/Craig J. Ehrlich
Craig J. Ehrlich